UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GERON CORPORATION STOCKHOLDER DERIVATIVE LITIGATION | Master File No.: 1:20-cv-01207-LPS |
| THIS DOCUMENT RELATES TO:<br>All Actions. | |

**STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING ACTION**

Plaintiff Michael Henry Mongiello[1] ("Plaintiff"), derivatively on behalf of Geron Corporation ("Geron" or the "Company"), and Defendants John A. Scarlett, Karin Eastham, Robert J. Spiegel, Daniel M. Bradbury, V. Bryan Lawlis, Hoyoung Huh, Susan M. Molineaux, Olivia K. Bloom, and Stephen N. Rosenfield (the "Individual Defendants" and, together with Geron, "Defendants") (Defendants and Plaintiff, the "Parties") jointly submit this stipulation (the "Stipulation") to stay the above-captioned action (the "Action"), and in support thereof state as follows:

**WHEREAS,** the following putative class actions alleging violations of the federal securities laws against Geron and John A. Scarlett have been filed and consolidated in the Northern District of California: (a) *Tollen v. Geron Corp., et al.*, Lead Case. No. 3:20-cv-00547-WHA; and (b) *Connor v. Geron Corp., et al.*, Case No. 3:20-cv-01163-WHA (the "Securities Class Action");

**WHEREAS,** substantially similar putative shareholder derivative actions captioned *Jameson v. Scarlett, et al.*, Case No. 3:20-cv-02823-WHA (the "*Jameson* Action") and *Gamlieli*

---

[1] Jeffrey Byroade, formerly a plaintiff in the above-captioned action, will no longer be participating in this case. Accordingly, Mr. Mongiello will be the only plaintiff prosecuting the District of Delaware Consolidated Action (defined below).

*v. Scarlett, et al.*, Case No. 3:21-cv-02422-WHA (the "*Gamlieli* Action") were filed in the United States District Court for the Northern District of California (the "Northern District of California") against the Individual Defendants on April 23, 2020 and April 2, 2021, respectively, and consolidated on April 9, 2021 (the "Northern District of California Consolidated Action");

**WHEREAS,** substantially similar putative shareholder derivative actions captioned *Di Laura v. Scarlett, et al.*, C.A. No. 2020-0684-SG (the "*Di Laura* Action") and *Elizalde v. Scarlett, et al.*, C.A. No. 2021-0228-SG (the "*Elizalde* Action") were filed in the Court of Chancery of the State of Delaware (the "Court of Chancery") against the Individual Defendants on August 18, 2020 and March 16, 2021, respectively, and consolidated on April 26, 2021 (the "Court of Chancery Consolidated Action");

**WHEREAS,** substantially similar putative shareholder derivative actions captioned *Mongiello v. Scarlett et al.*, Case No. 1:20-cv-01522-LPS (the "*Mongiello* Action") and *Byroade v. Scarlett, et al.*, Case No. 1:20-cv-01207-LPS (the "*Byroade* Action," and together with the *Mongiello* Action, the "District of Delaware Consolidated Action") were filed on November 12, 2020 and September 10, 2020, respectively;

**WHEREAS,** on October 5, 2020, the Court so ordered a stipulation entered into by the parties in the *Byroade* Action to stay the *Byroade* Action;

**WHEREAS,** on January 11, 2021, the Court so ordered a stipulation entered into by the parties in the *Byroade* Action and the *Mongiello* Action to consolidate those actions, appoint Co-Lead Counsel and Co-Lead Liaison Counsel, and stay the District of Delaware Consolidated Action through the resolution of the motion to dismiss that was then pending in the Securities Class Action (the "Order to Stay");

**WHEREAS,** the motion to dismiss the Securities Class Action was granted in part and denied in part on April 12, 2021;

**WHEREAS,** pursuant to the Order to Stay, the stay of the above-captioned District of Delaware Consolidated Action was lifted on May 12, 2021;

**WHEREAS,** the undersigned counsel have conferred and agreed to stay the District of Delaware Consolidated Action until and through the resolution of a motion to dismiss in the Court of Chancery Consolidated Action;

**WHEREFORE,** the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The parties agree that while the District of Delaware Consolidated Action is stayed, in the event Defendants provide any documents or responses to discovery requests (formal or informal) in the Securities Class Action or in response to any demand for inspection of documents made by any other Geron stockholder related to allegations in the District of Delaware Consolidated Action, Defendants shall provide to Plaintiff as soon as practicable all such documents and discovery responses.

2. The Parties also agree that, while the District of Delaware Consolidated Action is stayed, in the event that mediation and/or formal settlement meeting(s) take place in regard to the Securities Class Action or any other factually related stockholder action, Defendants will provide reasonable advance notice of, and allow Plaintiff reasonable opportunity to participate in, the mediation and/or formal settlement meeting(s).

3. The District of Delaware Consolidated Action shall be stayed, and no Case Management Order issued, upon the Court's so ordering this Stipulation as an Order of the Court.

4. Upon the occurrence of any of (1) the dismissal of the Court of Chancery Consolidated Action with prejudice and exhaustion of all appeals related thereto; (2) the denial of all motions to dismiss the Court of Chancery Consolidated Action filed by defendants in that action; or (3) either of the Parties to this Stipulation has given written notice that they no longer consent to the voluntary stay of the District of Delaware Consolidated Action, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above. The case shall remain stayed for thirty (30) days following any such event, and during that time the Parties shall meet and confer to set a schedule to govern either any motions opposing the lifting of the stay or Plaintiff's designation or filing of an operative amended complaint and Defendants' response thereto.

5. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, requests for a stay, or any requests for other relief that would otherwise be available to the Parties in the District of Delaware Consolidated Action, including but not limited to Defendants' right to request dismissal of this action, and Plaintiff's right to oppose any such motion.

**IT IS SO STIPULATED.**

Dated: June 8, 2021            Respectfully submitted,

COOCH AND TAYLOR, P.A.        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Blake A. Bennett*           */s/ D. McKinley Measley*
Blake A. Bennett (#5133)        D. McKinley Measley (#5108)
The Nemours Building           Aubrey J. Morin (#6568)
1007 N. Orange Street, Suite 1120    1201 N. Market Street
Wilmington, DE 19801           P.O. Box 1347
Telephone: (302) 984-3800       Wilmington, DE 19899-1347
bbennett@coochtaylor.com        Telephone: (302) 658-9200
                                               dmeasley@mnat.com

*Delaware Counsel and*           amorin@mnat.com
*Liaison Counsel for Plaintiff*

| | |
|---|---|
| LEVI & KORSINSKY, LLP<br>Gregory M. Nespole<br>Correy A. Kamin<br>55 Broadway, 10th Floor<br>New York, NY 10006<br>Telephone: (212) 363-7500<br>gnespole@zlk.com<br>ckamin@zlk.com<br><br>BRAGAR EAGEL & SQUIRE, P.C.<br>Garam Choe<br>810 Seventh Avenue, Suite 620<br>New York, NY 10019<br>Telephone: (212) 355-4648<br>choe@bespc.com<br><br>*Co-Lead Counsel for Plaintiff* | COOLEY LLP<br>John C. Dwyer<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br>dwyerjc@cooley.com<br><br>Ryan E. Blair<br>4401 Eastgate Mall<br>San Diego, CA 92121<br>Telephone: (858) 550-6000<br>Facsimile: (858) 550-6420<br>rblair@cooley.com<br><br>*Attorneys for Defendants* |

5

**PURSANT TO THE STIPULATION, IT IS SO ORDERED.**

DATE: _____ _____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT